IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ULYSSIX TECHNOLOGIES, INC.,<br>   *Plaintiff*,<br><br>v.<br><br>ORBITAL NETWORK<br>ENGINEERING, INC., *et al.*,<br>   *Defendants*. | Civil Action No. ELH-10-2091 |

**MEMORANDUM OPINION**

This case concerns competing claims regarding rights in the design of "PCI Receiver Cards," and related software, for use in the capture of telemetric data. Ulyssix Technologies, Inc. ("Ulyssix"), plaintiff, sued its licensee, Orbital Network Engineering, Inc. ("ONE"), and ONE's sublicensee, Wyle Laboratories, Inc. ("Wyle"), defendants, alleging various theories of recovery for defendants' alleged breach of its licenses and infringement of its intellectual property rights. In response, ONE filed a counterclaim alleging various theories of recovery against Ulyssix. The presently operative pleadings are Ulyssix's "First Amended Complaint" ("Amended Complaint") (ECF 56) against both defendants, and ONE's "Second Amended Answer and Counterclaims" ("Second Amended Counterclaim") (ECF 57) against Ulyssix.[1]

Now pending for decision is Ulyssix's motion to dismiss ONE's Second Amended Counterclaim and for entry of an order of default against ONE (the "Default Motion") (ECF 86). No opposition has been filed to the Default Motion. The Court now rules without a hearing,

---

[1] ONE and Wyle filed a motion to dismiss (ECF 61), seeking dismissal of eight of the ten counts in Ulyssix's Amended Complaint; after several extensions of the briefing schedule, that motion remains pending, awaiting a reply memorandum from defendants. This opinion does not resolve ECF 61. Pursuant to ECF 98, Wyle's reply memorandum is due on November 18, 2011.

pursuant to Local Rule 105.6.

## Background

Ulyssix's Default Motion is occasioned by the fact that ONE is no longer represented by counsel. By Order entered August 25, 2011 (ECF 84), I granted a motion by ONE's attorneys to withdraw from representation due to ONE's failure to "compl[y] with its retainer agreements" with its attorneys. Motion to Withdraw as Counsel at 2 (ECF 75). In support of their Motion to Withdraw, ONE's counsel averred that the issues necessitating their motion to withdraw had been "in existence for some time," but that counsel refrained from filing a motion to withdraw in the hope that a settlement conference, conducted by Magistrate Judge Stephanie Gallagher on May 6, 2011, would resolve the litigation and obviate the need for withdrawal. Settlement negotiations were ultimately unsuccessful, however, and ONE's counsel filed their Motion to Withdraw on July 25, 2011, after compliance with the notice and certification requirements of Local Rule 101.2(b).

Local Rule 101.2(b) governs the withdrawal of appearance by an attorney for a party that is not an individual. It imposes notice and certification requirements on the withdrawing attorney, and also provides:

> In the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it.

In accordance with Local Rule 101.2(b), the Court waited until thirty days had elapsed after the filing of the Motion to Withdraw before granting it on August 25, 2011 (ECF 84).

Before I granted the Motion to Withdraw, however, I received correspondence from David Lung, ONE's president (ECF 83), in which Mr. Lung explained that ONE was attempting, thus far unsuccessfully, to obtain new counsel, and requested an extension of time for new counsel to enter an appearance. Therefore, in my Order of August 25, 2011 (ECF 84), I granted ONE's attorneys' Motion to Withdraw, but also afforded ONE an additional thirty days, until September 24, 2011, to retain new counsel.

On September 28, 2011, no new counsel for ONE had yet entered an appearance, and Ulyssix filed its Default Motion (ECF 87), seeking the dismissal of ONE's Second Amended Counterclaim and the entry of default against ONE with regard to Ulyssix's Amended Complaint, in accordance with the process contemplated by Local Rule 101.2(b). In an Order issued later that day (ECF 87), I informed all counsel and Mr. Lung that I would "permit Mr. Lung to submit a letter to the Court, no later than October 11, 2011, with copies to all counsel, advising whether ONE, to his knowledge, intends to obtain corporate counsel for this litigation." Mr. Lung responded by a letter faxed to my chambers on October 11, 2011 (ECF 91), in which he stated that "ONE has been in discussions with potential counsel to represent us in the litigation," and requested a further thirty-day extension of time for counsel to enter an appearance.

After soliciting the positions of the parties as to Mr. Lung's request (ECF 92, 93, 97), I issued another Order on October 17, 2011 (ECF 98), granting ONE another thirty-day extension of time, from the date of Mr. Lung's October 11, 2011 letter, in which to obtain counsel. In that most recent Order, I stated: "[C]ounsel for ONE must enter an appearance no later than November 10, 2011. No further extensions will be granted . . . ."

In granting these extensions, I observed that it "has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel," *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993); *see also* Local Rule 101.1(a) ("[a]ll parties other than individuals must be represented by counsel"), but that a district court has discretion to grant a reasonable continuance to enable an unrepresented corporate party to secure a replacement attorney. *See RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356 (4th Cir. 2007) (reversing, for abuse of discretion, a district court's denial of such a continuance). As I indicated to the parties, I have held Ulyssix's Default Motion *sub curia* until the expiration of the latest extension for ONE to secure counsel.

## Discussion

No new counsel has entered an appearance on behalf of ONE, and the extension has now expired. Accordingly, the Court now rules on Ulyssix's Default Motion. Ulyssix asserts that the Court "has afforded ONE more than sufficient opportunity to obtain replacement counsel." I agree. In light of the "'strong policy'" of the Fourth Circuit that cases be decided on their merits, *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citation omitted), and considerations of fairness, courtesy, and reasonable accommodation, it is appropriate to permit an extension of time for an unrepresented party to obtain an attorney. The Court and all parties benefit from a full airing of the merits of a dispute by means of the time-tested adversarial method, which functions best when all parties are represented by able counsel. But, a party cannot delay proceedings indefinitely in search of representation. After a certain point, further delay is prejudicial to all parties, to the Court, and to the prompt administration of justice. This case has reached that point. It has been over two months since the Court permitted ONE's

counsel to withdraw and over three months since ONE's counsel filed their motion to do so. Moreover, it is apparent that, even then, ONE's counsel's withdrawal was not unexpected; it had been in the offing since before May 2011. The Court has no confidence that any further delay would enable ONE actually to obtain representation; rather, additional delay will only prolong these proceedings, thereby prejudicing the other parties to the litigation. Therefore, I conclude that the entry of default against ONE and the dismissal of ONE's Second Amended Counterclaim are appropriate.

Ulyssix seeks not only that ONE's counterclaim be dismissed, but that it be dismissed with prejudice. Ulyssix provides no authority or argument in support of this request, however. Dismissal is an appropriate sanction for failure to prosecute an action under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) states that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision(b) . . . operates as an adjudication on the merits," *i.e.*, as a dismissal with prejudice. Nevertheless, "[t]he Fourth Circuit has cautioned that [a] 'dismissal with prejudice [under Rule 41(b)] is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits.'" *Stratagene v. Invitrogen Corp.*, 206 F.R.D. 121, 122 (D. Md. 2002) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)) (internal citations and some internal quotation marks omitted). To decide whether dismissal with prejudice is appropriate, a district court must apply four criteria:

> (1) the degree of personal responsibility on the part of the plaintiff, (2) the amount of prejudice to the defendant caused by the delay, (3) the presence or absence of a "drawn out history of deliberately proceeding in a dilatory fashion," and (4) the effectiveness of sanctions less drastic than dismissal.

*Stratagene*, 206 F.R.D. at 122 (quoting *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)); *see Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir.1991); *Smith v. Cessna Aircraft Co.*,

124 F.R.D. 103 (D. Md. 1989); *Snead v. Automation Indus., Inc.*, 102 F.R.D. 823 (D. Md. 1984).

In this case, I do not discern a degree of prejudice or contumacious conduct by ONE sufficient to warrant dismissal with prejudice. Rather, ONE simply has been unable to secure replacement counsel. This case is unlike cases in which a corporate party's failure to obtain representation has been accompanied by a degree of culpability or prejudice to other parties that called for the sanction of dismissal with prejudice. *See, e.g.*, *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89 (10th Cir. 2011) (affirming dismissal with prejudice where corporate plaintiff's counsel withdrew and corporate plaintiff declared bankruptcy on eve of trial); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165 (D.C. Cir. 1990) (Ruth Bader Ginsburg, J.) (affirming dismissal with prejudice where corporate plaintiff failed, without explanation, to appear at hearing with counsel, in violation of express order of district court). Therefore, although ONE's Second Amended Counterclaim will be dismissed, it will be dismissed without prejudice.[2]

**Conclusion**

For the foregoing reasons, Ulyssix's Default Motion (ECF 86) will be granted; ONE's Second Amended Counterclaim (ECF 57) will be dismissed, without prejudice; and default will be entered against ONE with respect all claims asserted against it in Ulyssix's Amended Complaint (ECF 56). A separate Order implementing these rulings follows.

Date: November 15, 2011            /s/
                                                            Ellen Lipton Hollander
                                                            United States District Judge

---

[2] The dismissal may ultimately acquire *de facto* prejudicial status as a practical result of other considerations, such as limitations or the *res judicata* effect of a subsequent judgment on the merits in this case. I express no view as to those possibilities at this juncture.