**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

February 4, 2013

MEMORANDUM TO COUNSEL

    Re:    *Ulyssix Technologies, Inc. v. Orbital Network Engineering, Inc., et al.*
             Civil Action No. ELH-10-2091

Dear Counsel:

    I have reviewed the "Motion Seeking Withdrawal of 'Presiding Judicial Officer to Whom Case is Assigned,' Also the Disqualification of the Presiding Officer, and Related Relief" ("Motion to Disqualify") (ECF 181), filed by plaintiff Ulyssix Technologies, Inc. ("Ulyssix"). The motion is denied. In addition to the reasons stated in my Order of January 24, 2013 (ECF 180), this Memorandum provides additional grounds for my decision not to recuse.

    Ulyssix's Motion to Disqualify is founded, in part, on Local Rule 607.4. It provides:

> The Court's ADR process is confidential. Unless otherwise agreed by the parties and the Court, no disclosure shall be made to anyone, including the judicial officer to whom the case is assigned, of any dispute resolution communication that in any respect reveals the dispute resolution positions of the parties or advice or opinions of neutrals. No such communication shall be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence.

    As you are aware, both sides fully briefed their cross motions, *i.e.*, the Motion to Vacate Settlement Order filed by Ulyssix (ECF 151), and the Motion to Enforce Settlement Agreement filed by Wyle Laboratories, Inc. (ECF 156) (collectively, the "Settlement Motions"). In the briefing, neither side ever mentioned Local Rule 607.4. To be sure, as Ulyssix points out, no details of the parties' dispute resolution communications were disclosed in Ulyssix's initial Motion to Vacate Settlement Order. However, although Ulyssix did not initially disclose the actual contents of dispute resolution communications, it made clear that the basis of its motion was the inclusion in the parties' purported settlement agreement of a particular "critical provision" that Ulyssix claims Wyle did not satisfy, and with which Wyle allegedly did not intend to comply at the time it entered into the putative settlement agreement. Moreover, Ulyssix raised no objection (based on Local Rule 607.4 or otherwise) to Wyle's disclosures of the purported settlement terms and other aspects of the parties' dispute resolution communications, made in Wyle's Motion to Enforce Settlement Agreement. Indeed, in Ulyssix's consolidated response to Wyle's motion and reply in support of its own motion (ECF 164), Ulyssix made extensive disclosures of the parties' dispute resolution communications, and made clear that it intended to rely on confidential dispute resolution communications by moving

to disqualify Wyle's lead counsel, Richard Holzheimer, Esq., whom Ulyssix intended to call as an adverse witness at the motion hearing. *See* ECF 166.

As I have already noted, I was the one who, *sua sponte,* raised the issue of Local Rule 607.4. I did so during a telephone conference held on January 11, 2013, convened for the purpose of scheduling a hearing on the Settlement Motions. At that time, out of an abundance of caution, I raised the issue of Local Rule 607.4, and invited counsel for the parties to submit written waivers of the bar on disclosure in order to make sure that there was no issue in regard to a breach of the rule.

In all likelihood, my discussion of Local Rule 607.4 was completely unnecessary. Because both parties had already filed their respective motions, and had chosen to make disclosures of dispute resolution communications in their briefing, there is a strong argument to be made that both parties thereby implicitly waived the confidentiality provisions of Local Rule 607.4. *Cf. United States v. Hamilton*, 701 F.3d 404, 407 (4th Cir. 2012) (stating that voluntary disclosure of communication between spouses waives marital communications privilege); *Hanson v. U.S. Agency for Int'l Development*, 372 F.3d 286, 294 (4th Cir. 2004) (stating, in context of attorney-client privilege: "Implied waiver occurs when a party claiming the privilege has voluntarily disclosed confidential information on a given subject matter to a party not covered by the privilege.").

Moreover, even if some dispute resolution communications had not already been disclosed, it is likely that Ulyssix necessarily waived the confidentiality protections of Local Rule 607.4 by placing in issue the question of whether a binding settlement was achieved, and asking me to resolve the dispute. Just as a plaintiff cannot sue to recover emotional distress damages and simultaneously insist on the protection of psychotherapist-patient privilege, or sue his lawyer for professional malpractice and maintain attorney-client privilege with respect to his communications with that lawyer, *see generally Koch v. Cox*, 489 F.3d 384, 389-90 (D.C. Cir. 2007), Ulyssix cannot seek to vacate a settlement order on the basis of disclosures (or failures to disclose) in settlement negotiations while simultaneously insisting that the communications on which it relies cannot be disclosed to the Court, or compel disqualification of the Court.

Ulyssix's theory of Local Rule 607.4 as a basis for judicial recusal is unsound. By its text, Local Rule 607.4 is a confidentiality provision that prohibits disclosure of certain communications to "*anyone*, including the judicial officer to whom the case is assigned," without the unanimous agreement of the parties and the court. (Emphasis added.) The rule does not address the issue of judicial recusal. To the extent that the rule is intended to shield the presiding judge from the "taint" of learning the content of confidential settlement negotiations, disqualification of the undersigned would not solve that problem. The next judge, to whom the case would be reassigned, would also be faced with a record that already includes ample disclosures by both sides of such purportedly confidential communication, and the need to conduct a hearing on the Settlement Motions that could involve further disclosure of matters made confidential by the local rule. And, if the judge to whom the case were reassigned were to

rule in Ulyssix's favor, that judge would then need to reassign the case to yet another judge, for the purpose of conducting the trial.

In essence, Ulyssix's proposed solution to the fact that the undersigned already has been "tainted" is to taint another judge of this court. Ulyssix's proposal would create an unacceptable and unnecessary expenditure of judicial resources, as it could require three district judges to resolve the case.

Furthermore, I have already indicated that the hearing on the Settlement Motions will be sealed and that, after ruling on the Settlement Motions, I will refer the case to another judge to resolve any issues that remain (including trial on the merits, if Ulyssix's Motion to Vacate Settlement Order is granted). This is sufficient to preserve any interest in the confidentiality of the communications at issue that either side may retain.

In my view, Ulyssix has not presented any legitimate basis to question my impartiality, such as a relationship with a party or exposure to information about the case from outside the judicial process. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned."). The only information to which I have been exposed is matter that the parties have voluntarily revealed to the Court in their written motions, which will of necessity need to be considered by any judge who would rule on the Settlement Motions. Adverse rulings are not a basis for recusal.

In sum, in its Motion to Vacate Settlement Order, Ulyssix urges the Court to vacate its previously issued Settlement Order (ECF 142), on the basis of communications that were made in the course of settlement negotiations before Judge Gallagher. If Ulyssix wants a judicial ruling on its Motion to Vacate Settlement Order, it will necessarily have to disclose the content of the communications at issue to one judge or another. Ulyssix has offered no reason for disqualification, and there are powerful reasons of judicial economy to limit the number of judges who are required to familiarize themselves with this record and make substantive rulings in this case.

For all of the foregoing reasons, as well as the reasons already expressed in my Order of January 24, 2013 (ECF 180), Ulyssix's Motion to Disqualify (ECF 181) is DENIED.

One final matter remains. In its Motion to Disqualify, Ulyssix quotes the Court's statements during the telephonic conference of January 11, 2013, with a degree of purported precision that is quite surprising. Ulyssix states that these quotations are drawn from the notes of its counsel and its principals, Glenn and Dawn Rosenthal. *See* ECF 181 at 5 n.3. It is my usual practice during telephonic conferences to ascertain at the outset the participants in the conference call. My notes reflect the names of counsel, but do not reflect that I was made aware that Mr. and Ms. Rosenthal were participants in the January 11 conference call. Perhaps my notes are incomplete. In any event, the purported verbatim quotations are so lengthy and so specific that I wonder whether they are the product of ordinary note-taking. If Ulyssix recorded the telephone

conference via stenographic or audio recording, it did not inform the Court and opposing counsel of that fact, nor did it seek leave of Court to do so.  Local Rule 506 prohibits the recording of court proceedings except by official court reporters and official electronic recorders employed by the Clerk's Office, unless otherwise authorized by the presiding judge.[1]

Accordingly, no later than February 15, 2013, Ulyssix shall inform the Court whether a stenographic or audio record of the telephonic conference of January 11, 2013, was made and, if so, it shall provide the Court and opposing counsel with a copy of the record.[2]  In addition, I ask counsel for Ulyssix to advise whether the notes of counsel and the principals reflect that I was told that the Rosenthals were participating in the telephone conference.

Despite the informal nature of this Memorandum, the Clerk shall flag it as an opinion and docket it as an Order of the Court.

                Very truly yours,

                  /s/

                Ellen Lipton Hollander
                United States District Judge

---

[1] As you know, surreptitious audio recording of telephonic conversations is ordinarily prohibited in Maryland.  *See* Md. Code (2006 Repl. Vol., 2012 Supp.), § 10-402(a)(1), (c)(3) of the Courts & Judicial Proceedings Article.

[2] For reasons of convenience and cost, it is my ordinary practice not to make a record of informal telephonic conferences between the Court and counsel.  When I anticipate that substantive matters may be discussed in a telephonic conference, I typically advise the parties expressly that the Court does not intend to make a record, and ask any party who wishes for a record of the conference to be made to notify me and opposing counsel in advance.  I did not do so in this instance because the telephonic conference was scheduled solely for the purpose of choosing a hearing date; I did not anticipate discussing matters of substance during the conference call.  Of course, I would have granted leave for any party to make a record of the telephonic conference at issue here (or any telephonic conference) if leave had been sought.