IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ULYSSIX TECHNOLOGIES, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No. ELH-10-2091 |
| ORBITAL NETWORK ENGINEERING, INC., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion to Dismiss Amended Counterclaim With Prejudice and for the Entry of a Default Judgment Including a Damage Award, and a Permanent Injunction ("Motion," ECF No. 199) filed by Plaintiff Ulyssix Technologies, Inc. ("Ulyssix"). Defendant Orbital Network Engineering, Inc. ("ONE") has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On April 16, 2013, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Hollander referred this case to me to review Plaintiff's Motion and to make recommendations concerning damages. ECF No. 200. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that, following the time to object to this Report and Recommendation, Plaintiff's Motion by GRANTED IN PART and DENIED IN PART.

I. **FACTUAL AND PROCEDURAL HISTORY**

In July 2010, Ulyssix brought this action against ONE and Wyle Laboratories, Inc. ("Wyle") alleging that ONE breached the terms of a license agreement by sublicensing Ulyssix's intellectual property to Wyle. ECF No. 1. Ulyssix subsequently filed an Amended Complaint,

1

which alleged various theories of recovery against both defendants, but ultimately reached a settlement agreement with Wyle. *See* ECF No. 56 (Amended Complaint) & 195 (Order granting Wyle's Motion to Enforce the settlement agreement). After the Court granted counsel's motion to withdraw from representing ONE, Ulyssix moved for the dismissal of ONE's Second Amended Counterclaim with prejudice, and for the Clerk to enter default against ONE, as it was no longer represented by counsel. ECF No. 86. The Court granted Ulyssix's motion in part, dismissing ONE's counterclaim without prejudice and entering default against ONE as to all counts in Ulyssix's Amended Complaint. ECF Nos. 102 & 103. As such, the only remaining claims are those Ulyssix has asserted against ONE. Ulyssix now moves that the Court grant default judgment in its favor against ONE as to all counts in the Amended Complaint, award damages in the amount of $420,000.00, dismiss ONE's counterclaim with prejudice, issue a permanent injunction against ONE, and refund a security deposit paid to the Clerk of Court to secure a preliminary injunction. ECF No. 199.

## II. DISCUSSION

### A. Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *See Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974) (concluding that clerk could not enter default judgment where damages were not liquidated), *rev'd on other grounds*, 533 F.2d 891 (3d Cir. 1976).

If the sum is not certain or ascertainable through computation, Rule 55(b)(2) provides:

[T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006):

The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

*Id.*

In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (internal quotations omitted); *see* Fed. R. Civ. P. 8(b)(6); *Agora Fin., LLC v. Samler*, No. WDQ–09–1200, 2010 WL 2899036, at *2–3 (D. Md. June 17, 2010) (quoting *Ryan*, 253 F.3d at 780–81; 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 2688 (3d ed. 1998). However, "[a] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 Fed. App'x 257, 258 (4th Cir. 2006). This is because "the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)." Wright & Miller, *supra*, § 2685. Rather,

"the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered," and the Court may "refuse to enter a default judgment." *Id*. Accordingly, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*. § 2688; *see Ryan*, 253 F.3d at 780 ("The defendant is not held . . . to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.") (internal quotations omitted); *see also Lawbaugh*, 359 F. Supp. 2d at 422 (D. Md. 2005) (concluding that "Plaintiff's pleadings, taken as true, establish all of the alleged violations").

Ulyssix filed its Complaint (ECF No. 1) against ONE on July 30, 2010, and its Amended Complaint (ECF No. 56) on April 4, 2011. ONE filed its Answer to the Complaint on October 22, 2010, along with a Counterclaim against Ulyssix. ECF No. 32. After Ulyssix filed its Amended Complaint, ONE filed an Amended Answer and Counterclaim on March 3, 2011. ECF NO. 46. On August 25, 2011, the Court granted ONE's counsel's Motion to Withdraw. ECF No. 84. Recognizing that a corporation may only appear in federal courts through licensed counsel, the Court stated that it would not dismiss ONE's claims or enter default against ONE until on or after September 24, 2011, effectively providing ONE with thirty days to retain replacement counsel. *Id.* On September 28, 2011, the Court issued an Order (ECF No. 87) permitting ONE's President, David Lung, to submit a letter on or before October 11, 2011 regarding ONE's intentions of obtaining replacement counsel. Subsequently, the Court permitted ONE until November 10, 2011 to obtain counsel, and indicated that it would "hold *sub curia* Ulyssix's motion to dismiss ONE's amended counterclaim and for entry of default against ONE (ECF 86) until at least that date." ECF No. 98. On November 15, 2011, the Court granted

Ulyssix's Motion for Default and dismissed ONE's counterclaim, without prejudice. ECF No. 102. The Court entered default against ONE for all claims asserted in Ulyssix's Amended Complaint. *Id.*

On December 20, 2011, an attorney entered his appearance on behalf of ONE (ECF No. 111), but on January 25, 2012 filed a motion to withdraw his appearance (ECF No. 123). The Court granted ONE's counsel's motion (ECF No. 130) and ONE has since failed to obtain replacement counsel.

Because ONE has failed to defend itself for more than one year, all of Ulyssix's factual allegations in the Amended Complaint not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780; *Rhino Associates, L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652 (M.D. Pa. 2007). It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (holding that entry of default judgment was proper because defendant had been properly served with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment). Thus, the Court should grant default judgment on the counts of Ulyssix's Amended Complaint against ONE if Ulyssix has established ONE's liability.

### 1. Count I – Breach of Contract

Count I of the Amended Complaint alleges that ONE is liable for breach of contract. ECF No. 56 ¶¶ 52-71. A breach of contract is "a failure without legal excuse to perform any promise which forms the whole or part of a contract." *In re Ashby Enters., Ltd.*, 250 B.R. 69, 72 (Bankr. D. Md. 2000) (quoting *Conn. Pizza, Inc. v. Bell Atl.-Wash., D. C., Inc.*, 193 B.R. 217, 225 (Bankr. D. Md. 1996) (quoting *Weiss v. Sheet Metal Fabricators, Inc.*, 206 Md. 195, 110 A.2d 671, 675 (Md. 1955)) (quotation marks omitted)). A contract exists where there is "mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004).

Ulyssix alleges that it entered into a license agreement ("the License") with ONE that "granted ONE an exclusive limited license to use the design and technology of Ulyssix's PCI-2070 [the "Licensed Products"] to manufacture and sell cards for the telemetry receivers within the United States." ECF No. 56 ¶ 16. The License prohibited ONE from "causing or permitting reverse engineering, disassembly or decompilation of the Licensed Products, disclosing the Licensed Products to any third party, assigning the License, [and] distributing or transferring all or any part of the Licensed Products to any third party." *Id.* ¶ 18. Ulyssix alleges that "ONE sold Wyle all rights to a product incorporating Ulyssix's technology in direct violation of the License." *Id.* ¶ 29. The License grants Ulyssix the right to audit ONE's records to confirm its compliance with the terms of the License, and provides that a failure by ONE to grant such an audit constitutes a material breach of the License. *Id.* ¶ 19. Ulyssix has provided an unsigned copy of the License (ECF No. 1-1). This Court accepts as true that Ulyssix and ONE made the promises described in the Amended Complaint and set forth in the License. *Ryan*, 253 F.3d at 780. Thus, based on Ulyssix's allegations, it is clear that the parties mutually assented to the

License, which had definite terms and sufficient consideration, such that a contract existed. *See* ECF No. 1-1; *see also CTI/DC, Inc.*, 392 F.3d at 123.

Ulyssix states that ONE violated the License by: (1) refusing to grant Ulyssix an audit upon Ulyssix's request (ECF No. 56 ¶ 57); (2) reverse-engineering the Licensed Products and manufacturing and marketing a derivative product as ONE's own (ECF No. 56 ¶ 63); and (3) by disclosing and selling to Wyle a license to market the derivative product (ECF No. 56 ¶ 64). Ulyssix alleges that ONE's violations of the License amount to a breach of contract. Based on Ulyssix's well-pleaded factual allegations, ONE is liable to Ulyssix for breach of contract, and the Court should grant Ulyssix's motion for default judgment with respect to Count I.

### 2. Count II – Maryland Uniform Trade Secrets Act

Count II of the Amended Complaint alleges that ONE is liable for violating the Maryland Uniform Trade Secrets Act ("MUTSA"), Md. Code, Com. Law §§ 11–1201 to 1209. ECF No. 56 ¶¶ 72-82. The statute provides relief in response to the misappropriation of trade secrets. Md. Code, Com. Law 11–1202(a); *see LeJeune v. Coin Acceptors, Inc.*, 381 Md. 288, 315 (2004). The MUTSA defines the term "trade secret" as information that

> (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Md. Code, Com. Law § 11–1201(e).

The MUTSA defines "misappropriation" as the

> (1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (2) Disclosure or use of a trade secret of another without express or implied consent by a person who:

7

    (i) Used improper means to acquire knowledge of the trade secret; or

    (ii) At the time of disclosure or use, knew or had reason to know that the person's knowledge of the trade secret was:

      1. Derived from or through a person who had utilized improper means to acquire it;

      2. Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

      3. Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

    (iii) Before a material change of the person's position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Md. Code, Com. Law § 11-1201(c).

  Ulyssix alleges that ONE wrongfully used and sold Ulyssix's product development information, pricing, costs, drawings and designs; all of which constitute trade secret information under the MUTSA. ECF No. 56 ¶ 73. Ulyssix further alleges that this trade secret information has "individual economic value and [Ulyssix] has taken reasonable steps to protect this information." *Id*. ¶ 74. In violation of the License, Ulyssix alleges that ONE reverse-engineered the Licensed Products, modified their design, and "pass[ed] the product off as its own." *Id.* ¶ 76. As set forth above, the License prohibited ONE from "causing or permitting reverse engineering, disassembly or decompilation of the Licensed Products, disclosing the Licensed Products to any third party, assigning the License, [and] distributing or transferring all or any part of the Licensed Products to any third party." *Id.* ¶ 18. Accepting Ulyssix's factual allegations as true, the information licensed to ONE constitutes trade secret information under the MUTSA. ONE's reverse-engineering, modification, and sale of the trade secrets constitutes an act of misappropriation, in violation of the MUTSA. Based on Ulyssix's well-pleaded factual

8

allegations, ONE is liable to Ulyssix for its violation of Ulyssix's rights under the Maryland Uniform Trade Secrets Act, and the Court should grant Ulyssix's motion for default judgment with respect to Count II.

### 3. Count III – Conversion

Count III of the Amended Complaint alleges that ONE is liable for conversion. In Maryland, the tort of conversion is defined as "any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Allied Inv. Corp. v. Jasen,* 354 Md. 547, 731 A.2d 957, 963 (Md. 1999) (internal citations omitted). While Ulyssix's well-pleaded factual allegations, which I accept as true, establish ONE's breach of contract and violation of the MUTSA, the allegations fail to state a claim for conversion. The parties' License permitted ONE access to Ulyssix's Licensed Products, but also restricted ONE's use of them. Ulyssix's Amended Complaint contains only conclusory assertions that ONE's "wrongful taking of Ulyssix's intellectual property constitutes conversion of Ulyssix's property." ECF No. 56 ¶ 84. Ulyssix has offered no argument in support of its position that it is entitled to default judgment on this count. Because Ulyssix has failed to establish that ONE is liable to it for conversion, the Court should deny Ulyssix's motion for default judgment with respect to Count III.

### 4. Count IV – Unjust Enrichment

Count IV of the Amended Complaint alleges that ONE is liable for unjust enrichment. ECF No. 56 ¶¶ 89-93. When an express contract is present, a plaintiff cannot recover under the quasi-contractual theory of unjust enrichment. *See Froelich v. Erickson,* 96 F. Supp. 2d 507, 524 (D. Md. 2000), *aff'd sub nom. Froelich v. Senior Campus Living, LLC,* 246 F.3d 664 (4th Cir. 2001). Because Ulyssix has established ONE's liability for breach of contract, Ulyssix may not

recover on its claim for unjust enrichment, *see id.,* and default judgment is not proper on Count IV. The Court should deny Ulyssix's motion for default judgment with respect to Count IV.

### 5. Counts VII - IX – Infringement of the PCI 2070 Schematic Diagram; Infringement of the PCI 2070 VHDL Code; Infringement of the PCI 2070 FPGA33 POF Code

Counts VII through IX of the Amended Complaint allege that ONE is liable for its infringement of a number of Ulyssix's copyrights. ECF No. 56 ¶¶ 121-41.

> Copyright protection extends to "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102. A copyright holder has certain exclusive rights to the work, including the right to reproduce all or any part of the copyrighted work. *Id.* § 106. One infringes a copyright when he or she violates one of the exclusive rights to a work held by a copyright owner, and the owner has the right to sue for infringement. *See* 17 U.S.C. § 501. To establish a prima facie case of copyright infringement, a plaintiff must demonstrate that (1) "he owned the copyright to the work that was allegedly copied," and (2) "the defendant copied protected elements of the work." *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353 (4th Cir. 2001).

*Thomas v. Artino*, 723 F. Supp. 2d 822, 829 (D. Md. 2010).

To determine whether the first element (ownership of the protected work) has been established, the Court must analyze

> whether the plaintiff has a registration certificate and whether the copyrighted work is sufficiently original to warrant copyright protection. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). In judicial proceedings, a certificate of copyright registration "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); *see also Serv. & Training, Inc. v. Data Gen. Corp.*, 963 F.2d 680, 688 (4th Cir. 1992); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 271 F.Supp.2d 737, 744 (D. Md. 2003) ("As proof of ownership, [plaintiff] submits the certificates of copyright registration for all of the Reports at issue"). "The presumption flowing from § 410(c) is not an insurmountable one, and merely shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 668 (3d Cir. 1990) (citing *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir. 1985)).

*Thomas*, 723 F. Supp. 2d at 830.

Accepting the factual allegations set forth in Amended Complaint as true, Ulyssix has established that it is the owner of the protected works copied by ONE. On March 4, 2011, Ulyssix submitted copyright applications to the United States Copyright Office to obtain copyrights on the PCI 2070 Schematic Diagram, the PCI 2070 VHDL Code, and the PCI 2070 FPGA 33 POF Code. ECF No. 56 ¶¶ 122, 129 & 136. The Copyright Office issued Copyright Registration Certificates for each of these works. *Id.; see also* ECF Nos. 56-1, 56-2 & 56-3.

> A plaintiff may prove the second element-that the protected elements of the plaintiff's work were copied-through direct or circumstantial evidence. *See, e.g., Accord M. Kramer Manufacturing Co. Inc. v. Andrews et al.*, 783 F.2d 421, 445 (4th Cir. 1986) ("If there was clear proof of actual copying by the defendants, that is the end of the case."). "Where direct evidence of copying is lacking, plaintiff may prove copying by circumstantial evidence in the form of proof that the alleged infringer had access to the work and that the supposed copy is substantially similar to the author's original work." *Bouchat*, 241 F.3d at 353-54.

*Thomas*, 723 F. Supp. 2d at 830-31.

Accepting Plaintiff's factual allegations as true, Ulyssix has established that ONE copied its protected works. Ulyssix alleges that, without its consent, ONE "reproduced, prepared derivative works, [and] offered for sale" products based on the protected elements of its copyright protected works with "willful, intentional . . . disregard and . . . indifference to the rights of Ulyssix." ECF No. 56 ¶¶ 122-25, 129-32 & 136-39. I find that Ulyssix has established ONE's liability for the copyright infringement of Ulyssix's PCI 2070 Schematic Diagram, PCI 2070 VHDL Code, and PCI 2070 FPGA33 POF Code. The Court should grant Ulyssix's motion for default judgment with respect to Counts VII to IX.

### 6. Count X - Infringement of PCI 2070 Printed Circuit Board Layout

On March 4, 2011, applied for a copyright on its PCI 2070 printed circuit board technical drawings. ECF No. 56 ¶ 45; *see also* ECF No. 56-4. The Copyright Office rejected the

application, but "Ulyssix is in the process of requesting reconsideration of the rejection and anticipates that the rejection will be withdrawn and a registration granted for the PCI 2070 printed circuit board technical drawings." *Id.* In the filings made subsequent to its Amended Complaint, Ulyssix has provided no information about the status of its request for reconsideration, and whether its application has been approved by the Copyright Office. Because Ulyssix has not established that its PCI 2070 printed circuit court layout is copyright protected, I find that Ulyssix has not established ONE's liability for copyright infringement as to Count X. The Court should deny Ulyssix's motion for default judgment with respect to Count X.

### B. Damages

In its Motion, Ulyssix requests that the Court award damages against ONE in the amount of $420,000.00. ECF No. 199 at 1. Ulyssix outlines that it arrived at this calculation by determining "the sum of monies wrongly paid to ONE by Wyle for Ulyssix's IP in violation of ONE's agreement." ECF No. 199 at 5. Ulyssix contends that the amount that Wyle paid ONE for the property that belonged to Ulyssix should be awarded as damages. *Id.* After this case was referred to me, I directed Ulyssix to file additional information to substantiate the claims made in the affidavit (ECF No. 199-1) of Glenn Rosenthal, President and Chief Executive Officer of Ulyssix. *See* ECF Nos. 201, 202, 203 & 204. Ulyssix subsequently filed, under seal, a document generated by ONE that represents the amount paid by Wyle to ONE for the property at issue in this case. ECF Nos. 203 & 204 (under seal). According to this document, Wyle paid ONE $409,948.00 for the property sold in violation of ONE's contract with Ulyssix. *Id.* In a subsequent submission to the Court, Ulyssix set forth the circumstances surrounding the creation of this document, and explained that ONE created the document in anticipation of a settlement

conference with a United States Magistrate Judge in this Court, and copies of the document were distributed to all parties, including Ulyssix, on or about May 6, 2011. ECF No. 206 at 2.

Generally, an evidentiary hearing is required to determine a Court's award of damages, even in the case of a defendant's default. *See Laborers' Dist. Council Pension v. E.G.S., Inc.,* No. WDQ-09-3174, 2010 WL 1568595 (D. Md. Apr. 16, 2010). However, the Court may award damages "if the record supports the damages requested." *Id.* at *3 (collecting cases). Here, Ulyssix has provided sufficient evidence to support its claim that ONE received $409,948.00 from Wyle for the sale of Ulyssix's intellectual property. I therefore recommend that the Court award $409,948.00 in damages to Ulyssix.

### C. Injunctive Relief

Under the Copyright Act of 1976, this Court may grant a permanent injunction to "prevent or restrain copyright infringement." *EMI April Music, Inc. v. Rodriguez*, 691 F. Supp. 2d 632, 635 (M.D.N.C. 2010); 17 U.S.C. § 502(a). A permanent injunction is appropriate where "infringement has been proven and a threat of continuing infringement exists." *Id*. In *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), the Supreme Court repeated the four-factor test a plaintiff seeking a permanent injunction must satisfy:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate:
>
> (1) that it has suffered an irreparable injury;
>
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
>
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
>
> (4) that the public interest would not be disserved by a permanent injunction.

*Id.*

Ulyssix requests that the Court enter a permanent injunction as follows:

[1.] As of the date of this Order, Orbital Network Engineering, Inc. and each of its officers, directors, owners, parents, agents, servants, representatives, employees, assigns and successors, and all persons in active concert or participation with it who receive actual notice of this Order are hereby PERMANENTLY ENJOINED and restrained as follows:

> A. ONE is enjoined from disclosing to any third party any documents or information (including without limitation hardware and electronically stored information) containing Ulyssix's original works or intellectual property or any products containing the same, including all alterations, enhancements, improvements, modifications and derivatives or any documents; and/or any documents or information (including without limitation hardware and electronically stored information) or any products containing the same relating in any way to Defendant Wyle Laboratories, Inc. ("Wyle");
>
> B. ONE is enjoined from selling to any third party any documents or information (including without limitation hardware and electronically stored information) containing Ulyssix's original works or intellectual property or any products containing the same, including all alterations, enhancements, improvements, modifications and derivatives; and/or any documents or information (including without limitation hardware and electronically stored information) or any products containing the same relating in any way to Wyle;
>
> C. ONE is enjoined from transferring to any third party any documents or information (including without limitation hardware and electronically stored information) containing Ulyssix's original works or intellectual property or any products containing the same, including all alterations, enhancements, improvements, modifications and derivatives; and/or any documents or information (including without limitation hardware and electronically stored information) or any products containing the same relating in any way to Wyle;
>
> D. ONE is directed to preserve and to refrain from destroying, disposing or transferring any documents and information (including without limitation hardware and electronically stored information) or any products containing the same relating in any way to this litigation, Ulyssix, or Wyle; and
>
> E. ONE shall surrender and convey all such documents and information (including without limitation hardware and electronically stored information) or any products containing the same to Ulyssix.

[2.] The aforesaid permanent injunction shall take effect immediately[.]

ECF No. 199-3 at 2-3.

The Fourth Circuit has recognized that "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Christopher Phelps & Associates, LLC v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007). In its Amended Complaint, Ulyssix states that it is a "family-owned business" whose "biggest asset, by far, is the intellectual property relating to its products." ECF No. 56 ¶ 46. Ulyssix alleges that as a result of ONE's actions it has suffered numerous injuries including damage to its reputation and good will in the marketplace, financial damage, and confusion in the marketplace. *Id*. ¶¶ 46-51. Taking these allegations into consideration, and because I recommend that Ulyssix be awarded default judgment on the merits, I find that Ulyssix has satisfied the "irreparable injury" factor. *See Innovative Value Corp. v. Bluestone Fin., LLC*, No. DKC-09-0111, 2009 WL 3348231 (D. Md. Oct. 15, 2009) (stating that damages to "businesses, reputations, and good will" may "fairly be characterized as 'irreparable' in nature").

I also find that Ulyssix has satisfied the second factor, as money damages would be inadequate to ensure that ONE would refrain from misappropriating Ulyssix's intellectual property. ONE sold Ulyssix's intellectual property in breach of its contract with Ulyssix, and in violation of Ulyssix's rights as a copyright owner. Any relief other than a permanent injunction would be inadequate to ensure that ONE does not continue to disseminate Ulyssix's protected works.

Ulyssix also satisfies the "balance of hardships" and "public interest" factors. Whatever hardships ONE may endure as a result of the issuance of a permanent injunction have been invited by ONE after it breached its contract with Ulyssix and violated Ulyssix's intellectual

property rights. In addition, a permanent injunction would serve the public interest by preventing further infringement by ONE of Ulyssix's copyright protected property. For these reasons, I recommend that the Court grant the permanent injunction requested by Ulyssix.[1]

Additionally, the Court previously ordered Ulyssix to post security with the Clerk of Court in the amount of $2,500.00 pursuant to Fed. R. Civ. P. 65(c). ECF No. 132. If the Court grants Ulyssix's request for a permanent injunction, I recommend that the security posted by Ulyssix be refunded.

### D. Dismissal of ONE's Counterclaim

Previously, the Court dismissed ONE's Second Amended Counterclaim (ECF No. 57) without prejudice, despite Ulyssix's request that it be dismissed with prejudice. ECF No. 103 at 5-6. A court must apply four criteria to decide whether dismissal of a claim with prejudice is appropriate:

> (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal.

*Stratagene v. Invitrogen Corp.*, 206 F.R.D. 121, 122 (D. Md. 2002) (internal quotations omitted).

In the Court's Memorandum Opinion addressing this issue (ECF No. 103), the Court noted that it did "not discern a degree of prejudice or contumacious conduct by ONE sufficient to warrant dismissal with prejudice." ECF No. 103 at 6. In its Motion, Ulyssix notes that "more than a year has passed" since the Court dismissed the counterclaim without prejudice. ECF No.

---

[1] Ulyssix filed a proposed Order of Permanent Injunction Against Defendant Orbital Network Engineering, Inc. (ECF No. 199-3) as an attachment to its Motion. This proposed order includes language dismissing ONE's counterclaim with prejudice, awarding damages in the amount of $420,000.00, and granting default judgment as to all counts. *Id*. Because the language of Ulyssix's proposed order strays from my recommendations, if the Court accepts my recommendations, it should also require Ulyssix to submit a revised proposed order of permanent injunction consistent with my recommendations.

199 at 3. Ulyssix goes on to argue that because ONE "has not stopped its business and . . . is in good standing according to the corporate filings with the California SCC, . . . there is some reason to wonder whether ONE thought that its silence in this litigation might occasion a more favorable outcome than its participation could assure." ECF No. 199 at 5-6. Putting this suspicion to the side, Ulyssix is unable to point to any contumacious conduct by ONE or any degree of prejudice it will suffer sufficient to warrant dismissal with prejudice. Accordingly, I recommend that the Court stand by the reasoning expressed in its November 15, 2011 Memorandum Opinion (ECF No. 103) and deny Ulyssix's motion to dismiss ONE's counterclaim with prejudice.

### III. CONCLUSION

In sum, I recommend that:

A. The Court grant Plaintiff's motion for default judgment against ONE as to Counts I, II, VII, VIII and IX;

B. The Court deny Plaintiff's motion for default judgment against ONE as to Counts III, IV and X;

C. The Court award Plaintiff damages against ONE in the amount of $409,948.00;

D. The Court grant Plaintiff's request for a permanent injunction, namely by ordering Plaintiff to file a proposed permanent injunction consistent with this Report and Recommendation;

E. The Court direct the Clerk to refund to Ulyssix the security posted in the amount of $2,500.00 as to the preliminary injunction; and,

F. The Court deny Plaintiff's request for dismissal of ONE's Second Amended Counterclaim with prejudice.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

I also direct that the Clerk mail a copy of this Report and Recommendation to Orbital Network Engineering, Inc. at the address listed on the Complaint (ECF No. 1).

<u>August 9, 2013</u>     <u>          /s/                </u>
Date     Timothy J. Sullivan
     United States Magistrate Judge